IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
Electronically Filed

CASE NO: 3:15-mc-27-GNS

**Pending in the Southern District of Florida
Consolidated Case Nos.:
14-CV-60629-ROSENBERG/BRANNON
14-CV-61415-ROSENBERG/BRANNON**

| | |
|---|---|
| BROWN JORDAN INTERNATIONAL, INC., | ) |
| BJI HOLDINGS, LLC, | ) |
| BROWN JORDAN SERVICES, INC. and | ) |
| BROWN JORDAN COMPANY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHRISTOPHER CARMICLE, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| CHRISTOPHER CARMICLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BJI HOLDINGS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THE BROWN JORDAN PARTIES' EXPEDITED MOTION TO COMPEL**

Pursuant to Rule 45(d)(2)(B)(i), Plaintiffs BJI Holdings, LLC, Brown Jordan International, Inc., Brown Jordan Services, Inc., and Brown Jordan Company (S.D. Fla. Case No. 14-CV-60629), and Defendants BJI Holdings, LLC, Brown Jordan International, Inc., and Brown Jordan Services, Inc. (S.D. Fla. Case No. 14-CV-61415) (collectively "Brown Jordan" or the "Company"), Gene J. Moriarty, Vincent Tortorici, Jr., Frederick G. King, Wayne Teetsel,

Jason Breaux and Pamela Packard (S.D. Fla. Case No. 14-CV-61415) (hereinafter collectively with the Company, the "Brown Jordan Parties"), by and through undersigned counsel, move to compel compliance with the subpoena ("Subpoena") served in this District on September 5, 2015, by the Brown Jordan Parties upon non-party Rashna Carmicle. The Subpoena requests inspection of the contents of Rashna Carmicle's iPhone, which based on a forensic report contains Brown Jordan email. The Brown Jordan Parties have exhausted all other means available to them to secure inspection of Rashna Carmicle's iPhone sought by the Subpoena, and, therefore, respectfully request that this Court issue an order compelling Rashna Carmicle to immediately produce the requested iPhone for inspection.

Moreover, because the trial of the underlying matter is scheduled during the two-week trial period commencing October 26, 2015, the Brown Jordan Parties request that this Motion be heard and decided on an expedited basis.

## MEMORANDUM IN SUPPORT

### I. Background

The Subpoena originated from an underlying case pending in the Southern District of Florida, *Brown Jordan International, Inc. et al v. Carmicle*, Case No.: 14-CV-60629 (S.D. Fla. 2014). This underlying case involves Brown Jordan's termination of employment of Christopher Carmicle who, in addition to other misconduct while employed by Brown Jordan, unlawfully accessed and reviewed the email accounts of his superiors, colleagues, subordinates and employees of other Brown Jordan operating companies and pilfered copies of numerous emails he reviewed from those accounts. *See* Declaration of Matthew Engel in Support of the Brown Jordan's Parties' Expedited Motion to Compel ("Engel Decl.") ¶ 2.

In light of Mr. Carmicle's unauthorized access to Brown Jordan's email accounts, as well as Mr. Carmicle's wiping of and "losing" of other electronic devices, among other things, the U.S. District Court for the Southern District of Florida entered an Order Setting Computer Forensic Investigation Protocol ("Court Ordered Protocol"), pursuant to which Christopher Carmicle was required to submit all of his electronic devices and storage sites for forensic examination. Engel Decl. ¶ 3, Ex. A. Significantly, the forensic report issued pursuant to the Court Ordered Protocol revealed that Rashna Carmicle's (who is the spouse of Mr. Carmicle) iPhone "contain[ed] some of the original Brown Jordan International company email screen shots." Engel Decl. ¶ 4, Ex. B.

## II. Statement of Facts

On August 6, 2015, Proskauer Rose received a report pursuant to the Court Ordered Protocol and requested that Rashna Carmicle's iPhone be made available for immediate forensic inspection because the report provided reason to believe that Rashna Carmicle's iPhone contained information relevant to the claims and defenses in this action.[1] Engel Decl. ¶ 5, Ex. C. Despite multiple follow-ups, Mr. Carmicle's counsel did not respond until September 1, 2015, at which time he advised that the Brown Jordan Parties would have to issue a subpoena for Rashna Carmicle's iPhone. Engel Decl. ¶ 5, Ex. C. In other words, despite the aforementioned finding by the forensic examiner, Mr. Carmicle (while having submitted Rashna Carmicle's computer) refused to submit Rashna Carmicle's iPhone for forensic examination under the Court Ordered Protocol. Engel Decl. ¶ 5, Ex. C.

Consequently, on September 5, 2015, the Brown Jordan Parties served a subpoena on Rashna Carmicle requesting that she produce her iPhone by September 11, 2015, for forensic inspection pursuant to the Court Ordered Protocol. Engel Decl. ¶ 6, Ex. D. On September 10,

---

[1] Counsel for the Brown Jordan Parties in the underlying matter is Proskauer Rose LLP.

2015, Rashna Carmicle, through counsel, responded to the subpoena by asserting various objections and refusing compliance with the subpoena. Engel Decl. ¶ 7, Ex. E.

## II. Local Rule 37.1 Certification

On September 22, 2015, in an effort to resolve Rashna Carmicle's objections, counsel for the Brown Jordan Parties wrote counsel for Mrs. Carmicle addressing her objections and explaining that any concerns related to privacy protections were covered by the Court Ordered Protocol. Engel Decl. ¶ 8, Ex. F. More specifically, the Brown Jordan Parties explained that the Court Ordered Protocol provided Mrs. Carmicle with the mechanism to withhold any private or privileged data (of which Mrs. Carmicle was fully aware by virtue of having her computer previously submitted voluntarily and examined under the Court Ordered Protocol). *Id.* Indeed, other than Brown Jordan email screen shots and a Brown Jordan email account (to which Brown Jordan would be entitled under paragraphs 8(a) and 8(b) of the Court Ordered Protocol, and which, in any event, should not be on Mrs. Carmicle's iPhone), the iPhone would be processed pursuant to paragraph 8(c) of the Court Ordered Protocol, which means its contents would be searched for the listed keywords, and Mrs. Carmicle and her counsel would review the results first for the exclusion of any private or privileged matters. *Id.*

Counsel for the Brown Jordan Parties did not receive a response to the aforementioned September 22, 2015 letter from Rashna Carmicle's counsel. Engel Decl. ¶ 9.

On October 6, 2015, the undersigned counsel for the Brown Jordan Parties left Rashna Carmicle's counsel a voicemail message, requesting that the parties attempt to resolve Mrs. Carmicle's objections to the Subpoena without having to resort to this Court's intervention. Gall Decl. ¶ 2. On October 7, 8 and 9, 2015, the undersigned counsel exchanged a number of

telephone calls and emails with counsel for Rashna Carmicle but was unable to resolve the objections raised by Mrs. Carmicle to the Subpoena.[2] Gall Decl. ¶¶ 3 & 4.

### III. Argument

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The scope of discovery through a subpoena is no different than that applicable to Rule 34, and, therefore, courts construe the relevancy of data requested in a subpoena broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *See* Fed. R. Civ. P. 45 (advisory committee note (1970)); *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 667 (N.D. Fla. 2010) (enforcing Rule 45 subpoena against non-party).

Nonetheless, a subpoena directed to a nonparty must not subject a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(ii) (requiring the court to quash or modify a subpoena that imposes an undue burden). Whether the burden of the subpoena is undue requires weighing the

---

[2] Although the parties negotiated in good faith and despite the Brown Jordan Parties' attempts to accommodate Rashna Carmicle's schedule (including offers to have her iPhone inspected overnight), negotiations ultimately broke down because Rashna Carmicle took the position that she could not produce her iPhone for inspection prior to 5:00 pm on Monday, October 19, 2015. Gall Decl. ¶ 5. Although the forensic examination can be completed in approximately 4 hours (depending on the amount of data on Mrs. Carmicle's iPhone), it takes several more days to run search terms across the data and get the documents retrieved by the searches to Mrs. Carmicle for her review. Gall Decl. ¶ 6. Mrs. Carmicle, however, would not agree to complete her review of the documents prior to scheduled conclusion of trial. Gall Decl. ¶ 7. Trial in this matter is scheduled during the two week trial period commencing Monday, October 26, 2015, and is currently expected to last for approximately 2 weeks. Engel Decl. ¶ 10, Ex. G.

Accordingly, if Mrs. Carmicle's iPhone is only turned over for inspection on October 19, 2015, given that the Court Ordered Protocol currently affords Mrs. Carmicle at least a 2 week review period to review documents responsive to the search terms (potentially longer if a substantial number of documents is collected), then it very likely means that the Brown Jordan Parties would not receive the documents until after trial had concluded. Therefore, the Brown Jordan Parties have made this Motion to request that the Court order Mrs. Carmicle to produce her iPhone as soon as possible and complete her review within 2 weeks of receiving the documents or by Friday, October 30, 2015, whichever is earlier.

relevance of the requested information against the burden of producing the material. *See Anderson v. Old Nat'l Bancorp*, No. 5:02-CV-00324-R, 2010 U.S. Dist. LEXIS 138627, *9 (W.D. Ky. Dec. 28, 2010) (citing *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010)). A non-party, such as Rashna Carmicle, who might seek to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted.[3] *Id.*

Here, it is undisputed that Brown Jordan emails, which are highly relevant to the claims and defenses raised in this litigation, reside on Rashna Carmicle's iPhone. Not only do the Brown Jordan Parties have the right to extract these emails and use them in the pending litigation, they also have the right to purge permanently the Company data currently stored on Rashna Carmicle's iPhone under the Court Ordered Protocol. Rashna Carmicle has not – and cannot – demonstrate any burden – let alone any *undue* burden – associated with producing her iPhone for inspection. Therefore, the Court should compel Rashna Carmicle to comply with the Subpoena that seeks inspection of her iPhone.

Moreover, given that the trial in the underlying matter is scheduled during the two-week trial period commencing October 26, 2015, Engel Decl. ¶ 10, and in light of the fact that it will take some time for the forensic examiner to extract the relevant data and for the parties to review and analyze same, the Brown Jordan Parties respectfully request this Court to rule on this Motion on an expedited basis.

**WHEREFORE**, the Brown Jordan Parties respectfully request the Court enter an order on an expedited basis compelling Rashna Carmicle to provide her iPhone forthwith for forensic examination under the Court Ordered Protocol, and grant such other relief this Court deems necessary and proper.

---

[3] It bears noting that Rashna Carmicle has not sought to quash the subpoena. Rather, Rashna Carmicle simply refused to comply.

| | |
|---|---|
| Date: October 9, 2015 | Respectfully submitted, |
| | s/ *Justin D. Clark* |
| | Thomas M. Williams |
| | Justin D. Clark |
| | Maria A. Gall |
| | STOLL KEENON OGDEN PLLC |
| | 500 West Jefferson Street |
| | Louisville, KY 40202 |
| | Telephone: (502) 333-6000 |
| | Facsimile: (502) 333-6099 |
| | |
| | Counsel for the Brown Jordan Parties |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I hereby certify that on the 9th day of October, 2015, a copy of the foregoing Motion to Compel was served by Electronic Mail and U.S. Mail on the following:

Matthew F. Coogle, Esq.
Ackerson & Yann, PLLC
One Riverfront Plaza
401 West Main Street, Suite 1200
Louisville, Kentucky 40202
Tel: (502) 583-7400
Fax: (502) 589-4168
mcoogle@ackersonlegal.com

Counsel for Rashna Carmicle

Daniel Blonsky, Esq.
Susan E. Raffanello, Esq.
COFFEY BURLINGTON
2601 S. Bayshore Drive, Penthouse
Miami, FL 33133
Tel: (305) 858-2900
Fax: (305) 858-5261
DBlonsky@coffeyburlington.com
SRaffanello@coffeyburlington.com

Counsel for Christopher Carmicle

Lynn M. Watson, Esq. (admitted *pro hac vice*)
Glenn A. Cohen, Esq. (admitted *pro hac vice*)
SEILLER WATERMAN LLC
Meidinger Tower, 22nd Floor
462 South 4th Street
Louisville, KY 40202
Tel: (502) 584-7400
Fax: (502) 583-2100
watson@derbycitylaw.com
gcohen@derbycitylaw.com

Counsel for Christopher Carmicle

s/ *Justin D. Clark*

Counsel for the Brown Jordan Parties

8