UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CASE NO. 3:15-MC-00027-GNS

Pending in the United States District Court
for the Southern District of Florida
Consolidated Case Nos.:
14-CV-60629-ROSENBERG/BRANNON
14-CV-61415-ROSENBERG/BRANNON

BROWN JORDAN INTERNATIONAL, INC.;
BJI HOLDINGS, LLC; BROWN JORDAN
SERVICES, INC.; and BROWN JORDAN
COMPANY                                                                                                            PLAINTIFFS

v.

CHRISTOPHER CARMICLE                                                                                        DEFENDANT

AND

CHRISTOPHER CARMICLE                                                                                        PLAINTIFF

v.

BJI HOLDINGS, LLC, et al.                                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Expedited Motion to Compel (DN 1) filed by BJI Holdings, LLC; Brown Jordan International, Inc.; Brown Jordan Services, Inc.; Brown Jordan Company; Gene J. Moriarty; Vincent Tortorici, Jr.; Frederick G. King; Wayne Teetsel; Jason Breaux; and Pamela Packard (collectively "Brown Jordan Parties"), who are parties in one or both of two consolidated cases pending in the U.S. District Court for the Southern District of Florida.  *See Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-CV-60629 (S.D. Fla.); *Carmicle v. BJI Holdings, LLC*, No. 14-CV-61415 (S.D. Fla.).  After the motion was filed, this Court held a status conference with counsel on October 13, 2015, to establish a briefing schedule.  (Order, DN

5). The motion is now fully briefed and ripe for a decision. For the reasons outlined below, the motion is **GRANTED**.

## I. BACKGROUND

The Brown Jordan Parties filed the initial action against Christopher Carmicle ("Chris") in the U.S. District Court for the Southern District of Florida asserting numerous claims including: (i) a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (ii) a violation of the Stored Communications Act, 18 U.S.C. § 2701; (iii) a breach of fiduciary duty and the duty of loyalty; (iv) conversion; (v) unjust enrichment; and (vi) breach of contract and declaratory judgment (28 U.S.C. § 2201). (*Brown Jordan Int'l, Inc. v. Carmicle*, Compl. ¶¶ 58-105). Chris filed suit against BJI Holdings, LLC and other entities and individuals in the Jefferson Circuit Court, Kentucky, which was later removed to the this Court and then transferred to the U.S. District Court for the Southern District of Florida. In the second lawsuit, Chris asserted claims including: (i) wrongful termination; (ii) wrongful discharge based upon the parties code of conduct and due to fraudulent misrepresentations; (iii) breach of contract; (iv) a violation of the CFAA; (v) conversion; (vi) defamation and false light; (vii) a declaration of rights; (viii) a violation of federal law relating to the opening of Chris's personal mail; (ix) two separate claims of breach of fiduciary duty; and (x) vicarious liability. (*Carmicle v. BJI Holdings, LLC*, No. 14-CV-61415, Compl. ¶¶ 65-127). Those cases have been consolidated, and trial is currently scheduled to begin on October 26, 2015. (Brown Jordan Parties' Expedited Mot. to Compel 2, DN 1).

During the course of discovery, the parties entered into the Jointly Stipulated Order Setting Computer Forensic Investigation Protocol ("Court Ordered Protocol"). (R. Carmicle's Resp. to Expedited Mot. to Compel Ex. A, DN 6-1). Pursuant the Court Ordered Protocol, Chris

submitted his electronic devices and storage sites for forensic examination during discovery. (Brown Jordan Parties' Expedited Mot. to Compel 3). Based upon the review of those devices and sites, the Brown Jordan Parties believe that the Apple iPhone owned by Rashna Carmicle ("Rashna")—Chris's spouse—may contain information relating to the claims in the action. (Engel Decl. ¶ 4, DN 1-1; Engel Decl. Ex. B at 6, DN 1-1).

On September 5, 2015, the Brown Jordan Parties served a subpoena on Rashna requesting the production of her iPhone by September 11, 2015. (Engel Decl. ¶ 6; Engel Decl. Ex. D, DN 1-1). The parties do not dispute that Rashna objected to the production of her iPhone and has refused to produce the iPhone. (Engel Decl. ¶ 7; Engel Decl. Ex. E, DN 1-1). After the Brown Jordan Parties and Rashna were unable to come to an agreement as to the forensic review of Rashna's iPhone, the Brown Jordan Parties filed this matter in this Court because the iPhone resides within this district. (Brown Jordan Parties' Expedited Mot. to Compel 2). The Brown Jordan Parties believe that Brown Jordan e-mail messages exist on Rashna's iPhone based upon a forensic examination report from Digital Mountain. (Brown Jordan Parties' Expedited Mot. to Compel 2).

## II.     JURISDICTION

Federal courts have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because some claims arise under federal law. In addition, federal courts have jurisdiction over any related state-law claims pursuant to 28 U.S.C. § 1367(a). This Court is the proper forum to hear the present motion because this is the district where compliance is to be required. *See* Fed. R. Civ. P. 45(d)(1).

### III. STANDARD OF REVIEW

Rule 45 of the Federal Rules of Civil Procedure addresses the requirements for issuing and serving subpoenas, and provides the means to seek compliance with a subpoena. The scope of this rule extends to both parties and non-parties, and "Rule 45 is utilized to compel production of documents for use at depositions or the trial." *Con'l Coatings Corp. v. Metco, Inc.*, 50 F.R.D. 382, 384 (N.D. Ill. 1970) (citation omitted). The moving party must initially prove that the information sought is relevant and is being sought for good cause. *See Bariteau v. Krane*, 206 F.R.D. 129, 130 (W.D. Ky. 2001) (quoting *Covey Oil Co. v. Cont'l Oil Co.*, 340 F.2d 993, 997 (10th Cir. 1965). If the moving party meets its burden, "the party who is resisting production has the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007) (citing *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211-12 (D. Kan. 2002)).

### IV. DISCUSSION

In general, the Federal Rules of Civil Procedure outline the scope of discovery and provide in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). As this Court has noted,

> Relevant material for the purpose of discovery will encompass any matter that may bear upon, or reasonably could lead to other matters that could bear upon, any issue that is or likely may be raised in the case. In other words, a request for discovery should be considered to be seeking relevant information if there is *any* possibility that the information sought may be relevant to the claim or defense of any party in the action. So long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence, the information itself need not be admissible at trial.

*Invesco*, 244 F.R.D. at 380 (citations omitted).

In this case, the information sought from Rashna's iPhone appears to be relevant to the claims asserted in the action and good cause exists. Rashna is married to Christopher Carmicle, who is a party in both related actions pending in the U.S. District Court for the Southern District of Florida. The underlying litigation involves claims relating to the improper access of computers and computer systems. During the course of discovery, the Brown Jordan Parties received a forensic report indicating that Rashna's iPhone may contain discoverable information. (Engel Decl. ¶¶ 4-5). In the forensic examination report, Digital Mountain outlines review of data destruction on one of Chris's Macbook Air laptops and notes:

> Review of additional data, including Internet history, cookie files, p-lists and log files do not document any Brown Jordan International data, covered by the scope of this investigation, having been transferred through this laptop. The exception is an Apple iTunes backup file of Rashna's iPhone, which contains some of the original Brown Jordan International screenshots. This data was not deleted, but apparently unintentionally captured on this computer as the iPhone had been synched via iTunes in December of 2013.

(Engel Decl. Ex. B at 6). In addition, Chris testified that he may have used his wife's old iPhone. (C. Carmicle Dep. 148:10-13, Dec. 11, 2014, DN 7-1). Thus, the Brown Jordan Parties have presented sufficient evidence to convince the Court that Rashna's iPhone may contain information relevant to the claims asserted in this litigation and that they have good cause to seek the forensic examination of the iPhone.

5

The burden then shifts to Rashna "to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco*, 244 F.R.D. at 380 (citing *Horizon Holdings*, 209 F.R.D. at 211-12. As this Court has noted, "[a] party who seeks to avoid disclosure of requested materials "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury . . . ." *Id.* (citing *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985)).

Rashna argues that the information sought does not exist on her iPhone.[1] (R. Carmicle's Resp. to Expedited Mot. to Compel 2-3). The Court is skeptical of this argument because it is impossible for the Brown Jordan Parties to refute it without a forensic examination of her iPhone, and issues of spoliation of evidence have been raised in this matter.[2] While Rashna notes that the iPhone was purchased in December 2014, that fact alone—even if true—would not be determinative of whether there was any relevant information on the iPhone. When a new iPhone is purchased, it is very common for the old unit to be backed up, and then the backup is used to transfer the information from the old unit to the new iPhone.

Alternatively, assuming arguendo that the requested information exists on her iPhone, Rashna argues that the Brown Jordan Parties already have that information, and obtaining that

---

[1] In her response, Rashna relies upon Fed. R. Civ. P. 45(d)(3)(A) in arguing that the motion should be denied. (R. Carmicle's Resp. to Expedited Mot. to Compel 6). The provision of the rule cited, however, addresses a motion to quash pursuant to Fed. R. Civ. P. 45(d)(3). Rashna has not filed such a motion. Accordingly, the Court will not consider arguments that Rashna could have raised solely for the purpose of quashing the subpoena. Regardless, as discussed above, the Court concludes that the Brown Jordan Parties have met their burden in seeking to enforce the subpoena served upon Rashna.

[2] There are allegations by the Brown Jordan Parties that Chris engaged in spoliation of evidence. (Brown Jordan Parties' Reply to Expedited Mot. to Compel 11). A motion for sanctions relating to this issue is currently pending before the U.S. District Court for the Southern District of Florida. (Brown Jordan Parties' Reply to Expedited Mot. to Compel Ex. E, DN 7-5).

information would be duplicative. In light of the potential spoliation issues and the forensic report, the Court is unpersuaded by this argument, which is insufficient to meet Rashna's heavy burden.

Rashna also takes issues with the inconvenience caused by producing her iPhone for forensic examination and confidentiality issues. Inevitably, all forms of discovery involve some level of inconvenience to the producing party or non-party. In this case, however, the Brown Jordan Parties have indicated that the forensic examination can occur in as little as four hours and can be completed overnight, which would provide minimal inconvenience to Rashna. (Brown Jordan Parties' Reply to Expedited Mot. to Compel 2; Gal Decl. ¶¶ 5-6). The Court Order Protocol also seeks to minimize the confidentiality issues that she raises.

Finally, Rashna raises concerns about having sufficient time to review the results of the forensic examination to assert any applicable privileges. While the Brown Jordan Parties and Rashna have criticized each other regarding why this discovery dispute on essentially the eve of trial, the Court is not going to cast aspersions.[3] While the Court recognizes that Rashna needs sufficient time to review the results of the examination, the Court must also weigh the Brown Jordan Parties' right to timely review the results of the forensic examination with the impending trial. Accordingly, the Court will modify the review period as outlined below.

For these reasons, the Brown Jordan Plaintiffs have satisfied their burden to compel the production of Rashna's iPhone. While Rashna has presented reasons why she believes the

---

[3] Digital Mountain's forensic examination report, which references the iTunes backup, is dated August 13, 2015. The Brown Jordan Parties served the subpoena to Rashna on September 5, 2015, directing that she produce her iPhone for a forensic examination by Source One on September 11, 2015, at 10 a.m. to One Source Discovery in Louisville, Kentucky. (Engel Decl. ¶ 6; Engel Decl. Ex. D). Through counsel, Rashna objected to the production on September 10, 2015. (Engel Decl. Ex. E). The present motion was filed on October 9, 2015.

subpoena should not be enforced, the Court concludes that failed to meet her heavy burden. The motion is **GRANTED**.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that the Expedited Motion to Compel (DN 1) is **GRANTED**. **IT IS HEREBY FURTHER ORDERED** that Rashna Carmicle shall produce her iPhone to OneSource Discovery, 4322 Robards Lane, Louisville, Kentucky, by no later than the 4 p.m. ET on **Wednesday, October 21, 2015**, for a forensic examination in accordance with the U.S. District Court for the Southern District of Florida's Order Setting Computer Forensic Investigation Protocol, and that she shall complete her review of the documents collected from her iPhone by 12 p.m. ET on **Friday, October 30, 2015**, in all other respects in accordance with the U.S. District Court for the Southern District of Florida's Order Setting Computer Forensic Investigation Protocol.

**Greg N. Stivers, Judge**
**United States District Court**
October 19, 2015

cc: counsel of record